IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

      Appellant,

v.

Case No.  5D21-968
LT Case No. 2015-31789-COCI

EMERGENCY PHYSICIANS, INC.,
D/B/A EMERGENCY RESOURCES GROUP,
AS ASSIGNEE OF EMMA SANDERS,

      Appellee.

_____/

Opinion filed June 17, 2022

Appeal from the County Court
for Volusia County,
Wesley Heidt, Judge.

Michael C. Clarke and Jennifer L.
Emerson, of Kubicki Draper, P.A.,
Tampa, for Appellant.

Chad A. Barr and Dalton L. Gray, of
Law Office of Chad Bar, P.A.,
Altamonte Springs, for Appellee.

WALLIS, J.

Progressive Select Insurance Company (hereinafter "Progressive") appeals an order granting summary judgment in favor of Emergency Physicians, Inc., doing business as Emergency Resources Group (hereinafter "ERG"), after the trial court held that ERG's claim should be prioritized for payment due to its status as an emergency service provider. We reverse.

Progressive issued an auto insurance policy covering Emma Sanders, who was involved in an automobile accident. ERG provided emergency medical care to Sanders and submitted a bill for those services pursuant to section 627.736(4)(c), Florida Statutes (2015). The record reflects that other providers submitted bills to Progressive in relation to this accident and, in fact, a non-emergency care provider submitted a bill to Progressive on the same day that ERG submitted its bill. Progressive processed ERG's bill first and applied it to the policy deductible. It next processed the non-emergency service provider's bill and applied it to the deductible. Once the deductible was satisfied, it paid the remainder of the non-emergency provider's bill. Thereafter, ERG sued Progressive alleging that it failed to pay the bill as requested. ERG's position, as an emergency care provider, in the trial court, was that Progressive improperly applied its medical bill against the policy's deductible first because Progressive received bills from both ERG and a non-

emergency care provider on the same day. And the testimony established that Progressive did not have procedures in place that could identify the precise time during the day that each bill was received. In other words, there was no evidence demonstrating if ERG's bill was received before the non-emergency provider's bill, or vice versa. Thus, ERG argued that in a situation such as this one where it is unclear which bill Progressive received first on the day in question, Progressive should have prioritized the emergency care provider by applying the non-emergency care provider's bill to the deductible first.

Progressive filed a Motion for Summary Judgment explaining that ERG's bill was properly processed against the deductible first and the non-emergency care provider's bill second, resulting in the exhaustion of the deductible and the beginning of coverage pursuant to the Florida PIP Statute. ERG filed a competing Motion for Summary Judgment arguing that Progressive's inability to provide a precise order of receipt of these two bills justifies the application of the non-emergency provider's bill against the deductible first. The trial court ultimately granted ERG's motion, holding that an emergency service provider's claim should be prioritized. In so holding, the trial court appeared to apply sections 627.736(4)(c), 627.739(2), Florida Statutes (2015), and <u>Mercury Insurance Co. of Florida v. Emergency</u>

<u>Physicians of Central Florida, LLP</u>, 182 So. 3d 661 (Fla. 5th DCA 2015), as support.

The specific question before us is: when multiple bills are received by an insurer on the same day with one being from an emergency provider and another from a non-emergency provider, without any evidence establishing a precise order of receipt, must the insurer apply the non-emergency provider's bill to the deductible first, thereby prioritizing the full payment of the emergency provider's bill? The trial court answered this question in the affirmative, in favor of ERG. Our readings of the applicable statutes and <u>Mercury</u> require that we reach a different result.

Section 627.736(4)(c) states in relevant part:

> **Upon receiving notice of an accident that is potentially covered by [PIP] benefits, the insurer must reserve $5,000 of [PIP] benefits for payment to physicians licensed under chapter 458 or chapter 459 or dentists licensed under chapter 466 who provide emergency services and care, as defined in s. 395.002, or who provide hospital inpatient care.** The amount required to be held in reserve may be used only to pay claims from such physicians or dentists until 30 days after the date the insurer receives notice of the accident. After the 30-day period, any amount of the reserve for which the insurer has not received notice of such claims may be used by the insurer to pay other claims.

(emphasis added). Additionally, section 627.739(2) states:

4

> Insurers shall offer to each applicant and to each policyholder, upon the renewal of an existing policy, deductibles, in amounts of $250, $500, and $1,000. **The deductible amount must be applied to 100 percent of the expenses and losses described in s. 627.736.** After the deductible is met, each insured is eligible to receive up to $10,000 in total benefits described in s. 627.736(1). However, this subsection shall not be applied to reduce the amount of any benefits received in accordance with s. 627.736(1)(c).

(emphasis added). In <u>Mercury</u>, this Court explained that these two provisions require that an emergency service provider's bill "will be prioritized for payment; however, any such payment will be subject to any deductibles that exist in the insurance contract between the insured and the insurer." 182 So. 3d at 668.[1] <u>Mercury</u> further states that section 627.739(2) requires that any policy deductible must be applied to 100 percent of bills submitted and that the statute makes "no distinction between bills submitted by an emergency service provider and bills submitted by a non-emergency service provider." <u>Id.</u> at 667.

Therefore, based on the facts and the law applicable to this case we hold that the trial court had no legal basis in which to rule that an insurer must prioritize an emergency service provider's claim in the manner

---

[1] The <u>Mercury</u> opinion examined these same statutes albeit in a factually different scenario where an insurer was not faced with the receipt of multiple bills on the same day.

5

advocated by ERG. Accepting ERG's argument, the trial court's ruling would expand the law beyond this Court's opinion in <u>Mercury</u> and the plain text of the aforementioned statutes.

REVERSED and REMANDED.

EVANDER and WOZNIAK, JJ., concur.